United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IPVENTURE, INC.,

    Plaintiff,

    v.

FEDEX CORPORATION, et al.,

    Defendants.
_____/

No. C 11-5367 PJH

**ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF LITIGATION PENDING REEXAMINATION**

    Before the court is the motion of defendants FedEx Corporation and Federal Express Corporation ("FedEx") for an order staying the litigation of the above-entitled action pending final resolution of the inter partes reexamination of U.S. Patent No. 7,212,829 ("the '829 patent"), which is owned by plaintiff IpVenture, Inc. ("IpVenture").

    Reexamination is a procedure by which any person can request that the U.S. Patent and Trademark Office ("PTO") re-examine or re-evaluate the patentability of an unexpired United States patent. 35 U.S.C. § 302; see also eSoft, Inc. v. Blue Coat Sys., Inc., 505 F.Supp. 2d 784, 786 (D.Colo. 2007). The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request. . . . " 35 U.S.C. § 303(a).

    Courts are not required to stay judicial proceedings pending reexamination of a patent. See, e.g., Viskase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir.

2001). It is, however, within a district court's discretion to do so. See, e.g., Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985); Telemac Corp. v. Teledigital, Inc., 450 F.Supp. 2d 1107, 1110 (N.D. Cal. 2006). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. ASCII Corp. v. STD Entm't USA, Inc., 844 F.Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to grant a stay pending re-examination, courts consider (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Telemac, 450 F.Supp. 2d at 1110; KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661, at *2 (N.D. Cal. 2006); IMAX Corp. v. In-Three, Inc., 385 F.Supp.2d 1030, 1032 (C.D. Cal. 2005).

Here, the court finds that a stay of litigation is warranted. First, this case is at a very early stage. The initial case management conference was held less than a month ago, and the claim construction is not set for hearing until July 2013. The parties have engaged in relatively little discovery, and no trial date has been set.

Second, FedEx's application for an inter partes reexamination of all 30 claims of the '829 patent, which was submitted to the PTO on February 16, 2012, was granted by the PTO on April 3, 2012. In addition to granting the application for reexamination, the PTO issued an office action rejecting all 30 claims as unpatentable over the prior art. Based on the PTO's prompt action, the court finds that allowing these proceedings to go forward at the same time as the reexamination would be duplicative and largely wasteful of costs, time, and judicial resources, as the results of the reexamination may simplify the issues in question and the trial of the case.

Third, given the early stage of the case, the court is not persuaded that a stay will unduly prejudice IpVenture, or that FedEx has moved for a stay in order to gain a clear

tactical advantage.

Accordingly, the court finds that the motion must be GRANTED. The date for the hearing, previously set for April 25, 2012, is VACATED. The parties are directed to advise the court when the reexamination is complete, and also to file a status statement every six months until such final resolution.

.

**IT IS SO ORDERED.**

Dated: April 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge